## Dietrich *v.* Lancaster, Appellant.

*Practice, C. P.—Rule of court—New trial—Evidence—Review.*

A rule of court which provides that reasons for a new trial where not founded on evidence in the cause must be verified by affidavit, is a good and reasonable rule, and will be upheld by the appellate court.   The court below is the best judge of the application of its own rules.

*Negligence—Instructions—Refusal of points.*

Points for charge are properly refused which closed with a request for instructions that there could be no recovery in the case, and ignore facts involved which are clearly for the jury.

Submitted May 16, 1905.   Appeal, No. 144, Jan. T., 1904, by defendant, from judgment of C. P. Lancaster Co., May T., 1901, No. 69, on verdict for plaintiff in case of Abram B. Dietrich v. City of Lancaster.  'Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ.   Affirmed.

Trespass to recover damages for personal injuries.
Verdict and judgment for plaintiff for $2,500.

On a rule for a new trial LANDIS, P. J., filed the following opinion :

The first reason upon which the defendant bases its request for a new trial in this case is, that the court erred in refusing to affirm defendant's first, second and third points.  I have, consequently, carefully examined the charge of the jury and the answers to the points, to ascertain whether these objections are well founded, and I am satisfied that they are not.   The points all close with the request for instructions that there could be no recovery in the case, and ignore the facts involved, which were clearly for the jury.   To my mind the affirmance of any of them would have been manifest and reversible error: Whitmire v. Montgomery, 165 Pa. 253.   No serious harm can, however, come to the defendant thereby, for, if I am wrong, the record is in shape to be easily reviewed.

The second reason involves after-discovered testimony, and it was not filed in accordance with the rules of court.   Rule 17, page 34, directs that " where the reasons for such motion or

application are not founded upon the evidence in the case, the facts must be verified by affidavit;" but no affidavit was attached at the time the reasons were filed, nor when the court granted this rule. Only on March 14, 1904, was an affidavit appended thereto, and this was done without leave of court. This late action on the part of the defendant should not be considered as curing the original defect, and, because of it, we feel that the depositions taken in support of the application ought not to be considered.

Rule for a new trial is discharged.

*Errors assigned* were (1, 2) refusal of points; and (3) in refusing to consider the depositions filed in support of reason for new trial.

*E. M. Gilbert*, for appellant.

*W. U. Hensel* and *Wm. C. Rehm*, for appellee.

PER CURIAM, June 22, 1905:

The rule of the court below that reasons for a new trial when not founded on evidence in the cause must be verified by affidavit is not only a reasonable but a good rule, and it does not need to be said again that the court is the best judge of the application of its own rules.

Judgment affirmed on the opinion of the court below refusing a new trial.